NAME, ADDRESS & TELEPHONE NUMBER OF ATTORNEY(S) FOR, OR, PLAINTIFF OR
DEFENDANT IF PLAINTIFF OR DEFENDANT IS PRO PER

MICHAEL L. TRACY, ESQ.
2030 MAIN STREET, SUITE 1300
IRVINE, CA  92614



ATTORNEYS FOR:  PLAINTIFFS

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| DAVID ZAITEFF et al. | CASE NUMBER |
|---|---|
| Plaintiff(s), | CV08-02874 MRP (JWJx) |
| v. | |
| PEREGRINE FINANCIAL GROUP et al. | **CERTIFICATION AND NOTICE OF INTERESTED PARTIES** (Local Rule 7.1-1) |
| Defendant(s) | |

TO:    THE COURT AND ALL PARTIES APPEARING OF RECORD:

The undersigned, counsel of record for  PLAINTIFFS
(or party appearing in pro per), certifies that the following listed party (or parties) has (have) a direct, pecuniary
interest in the outcome of this case.  These representations are made to enable the Court to evaluate possible
disqualification or recusal.  (Use additional sheet if necessary.)

| PARTY | CONNECTION |
|---|---|
| (List the names of all such parties and identify their connection and interest.) | |
| DAVID ZAITZEFF | PLAINTIFF |
| PEREGRINE FINANCIAL GROUP | DEFENDANT |
| JOSEPH PETER SLAGA | DEFENDANT |

| 4/29/08 | |
|---|---|
| Date | Sign |

PLAINTIFFS
Attorney of record for or party appearing in pro per

NOTICE OF INTERESTED PARTIES

MICHAEL L. TRACY, ESQ.
2030 MAIN STREET, SUITE 1300
IRVINE, CA  92614

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| DAVID ZAITZEFF (see attached) | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV08-02874 MRP  (JWJx) |
| v. | |
| PEREGRINE FINANCIAL GROUP (see attached) | |
| | SUMMONS |
| DEFENDANT(S). | |

TO:    DEFENDANT(S):  PEREGRINE FINANCIAL GROUP

A lawsuit has been filed against you.

Within  20  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, MICHAEL TRACY _____, whose address is 2030 MAIN STREET, SUITE 1300, IRVINE, CA  92614 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  MAY - 2 2008  _____

By: _____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

1 | MICHAEL L. TRACY, ESQ., SBN 237779
MEGAN ROSS HUTCHINS, ESQ., SBN 227776
2 | LAW OFFICES OF MICHAEL TRACY
3 | 2030 Main Street, Suite 1300
Irvine, CA  92614
4 | mtracy@michaeltracylaw.com
T: (949) 260-9171
5 | F: (866) 365-3051
6
7 | Attorneys for Plaintiff DAVID ZAITZEFF

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

10

11 | DAVID ZAITZEFF, an individual, on behalf
of himself and on behalf of The State of
12 | California Labor and Workforce
13 | Development Agency as a Private Attorney
General
14
15 |           Plaintiff,
16 |      vs.
17 | PEREGRINE FINANCIAL GROUP, INC.,
AN IOWA CORPORATION;  JOSEPH
18 | PETER SLAGA, AN INDIVIDUAL; and
19 | DOES 1 through 10, inclusive,
20 |           Defendants.
21
22
23
24
25
26
27
28

-1-
COMPLAINT FOR LABOR VIOLATIONS

MICHAEL L. TRACY, ESQ.
2030 MAIN STREET, SUITE 1300
IRVINE, CA 92614

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| DAVID ZAITZEFF (see attached) | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV08-02874 MRP (JWJx) |
| v. | |
| PEREGRINE FINANCIAL GROUP (see attached) | |
| | **SUMMONS** |
| DEFENDANT(S). | |

TO: DEFENDANT(S): JOSEPH PETER SLAGA

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, MICHAEL TRACY _____, whose address is 2030 MAIN STREET, SUITE 1300, IRVINE, CA 92614 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __MAY - 2 2008__

By: __LA'REE HORN__

Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

1192

1 | MICHAEL L. TRACY, ESQ., SBN 237779
2 | MEGAN ROSS HUTCHINS, ESQ., SBN 227776
LAW OFFICES OF MICHAEL TRACY
3 | 2030 Main Street, Suite 1300
Irvine, CA  92614
4 | mtracy@michaeltracylaw.com
5 | T: (949) 260-9171
F: (866) 365-3051
6
7 | Attorneys for Plaintiff DAVID ZAITZEFF

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

10

11 | DAVID ZAITZEFF, an individual, on behalf
12 | of himself and on behalf of The State of
California Labor and Workforce
13 | Development Agency as a Private Attorney
General
14
15 |        Plaintiff,
16 |     vs.
17 | PEREGRINE FINANCIAL GROUP, INC.,
18 | AN IOWA CORPORATION;  JOSEPH
PETER SLAGA, AN INDIVIDUAL; and
19 | DOES 1 through 10, inclusive,
20 |        Defendants.
21
22
23
24
25
26
27
28

-1-
COMPLAINT FOR LABOR VIOLATIONS

1  MICHAEL L. TRACY, ESQ., SBN 237779
2  MEGAN ROSS HUTCHINS, ESQ., SBN 227776
   LAW OFFICES OF MICHAEL TRACY
3  2030 Main Street, Suite 1300
   Irvine, CA 92614
4  mtracy@michaeltracylaw.com
5  T: (949) 260-9171
   F: (866) 365-3051
6
7  Attorneys for Plaintiff DAVID ZAITZEFF

8              UNITED STATES DISTRICT COURT

9      CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

10                    CV08-02874 MRP (JWJx)

| | |
|---|---|
| 11  DAVID ZAITZEFF, an individual, on behalf of himself and on behalf of The State of California Labor and Workforce Development Agency as a Private Attorney General <br><br> Plaintiff, <br><br> vs. <br><br> PEREGRINE FINANCIAL GROUP, INC., AN IOWA CORPORATION; JOSEPH PETER SLAGA, AN INDIVIDUAL; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR UNPAID OVERTIME UNDER CALIFORNIA LABOR CODE, MEAL BREAKS, IMPROPER PAY STUBS, WAITING TIME PENALTIES, OVERTIME UNDER THE FLSA, FAILURE TO PRODUCE RECORDS, MINIMUM WAGE VIOLATIONS, FAILURE TO INDEMNIFY, AND UNFAIR BUSINESS PRACTICES** <br><br> **PRIVATE ATTORNEY GENERAL CLAIMS FOR UNPAID OVERTIME, MISSED MEAL BREAKS, IMPROPER PAY STUBS, OUT OF STATE CHECKS, MINIMUM WAGE, AND IMPROPER RECORD KEEPING** <br><br> **DEMAND FOR JURY TRIAL** |

25  Plaintiff, DAVID ZAITZEFF, alleges:

26                        **JURISDICTION**

27        1.    This Court has jurisdiction over this mater because this complaint alleges a

28  federal question in that violations of 29 U.S.C. §201 et seq. are alleged.  This court has

-1-
COMPLAINT FOR LABOR VIOLATIONS

1  supplemental jurisdiction over the other causes of action under 28 U.S.C. § 1367 because

2  all causes of action relate to the same transactions and occurrences that make up the claim

3  under the Fair Labor Standards Act.

4  <div align="center">**GENERAL ALLEGATIONS**</div>

5      2.    This Court is the proper court and this action is properly filed in the County

6  of Ventura and in this judicial district because Defendants do business in the County of

7  Ventura, and because Defendants' obligations and liabilities arise therein, and because the

8  work that was performed by Plaintiff in the County of Ventura is the subject of this action.

9      3.    This complaint contains causes of action brought pursuant to Labor Code §

10  2698, et seq which allows Plaintiff to sue on behalf of the State of California Labor and

11  Workforce Development Agency ("LWDA") as a Private Attorney General.  Pursuant to

12  Labor Code §2699(i), 75% of any penalties recovered under this third type of action will be

13  paid to the LWDA, with the Plaintiff receiving the remaining 25%.

14      4.    Private Attorney General Act causes of action do not require class

15  certification.

16      5.    The true names and capacities of DOES 1 through 10 are unknown to

17  Plaintiff, who therefore sues the DOE Defendants by fictitious names.  Plaintiff will amend

18  this Complaint to show their true names and capacities when they have been ascertained.

19  Plaintiff is informed and believes, and hereon alleges, that some such Doe defendants are

20  residents of California.

21      6.    Plaintiff is informed and believes that Defendants, each and all of them, at all

22  times material hereto, were the joint employers, parent companies, successor companies,

23  predecessors in interest, affiliates, agents, employees, servants, joint venturers, directors,

24  fiduciaries, representatives, and/or coconspirators of each of the remaining Defendants.

25  The Defendants, unless otherwise alleged, at all times material hereto, performed all acts

26  and omissions alleged herein within the course and scope of said relationship, and are a

27  proximate cause of Plaintiff's damages as herein alleged.

28

<div align="center">-2-<br>COMPLAINT FOR LABOR VIOLATIONS</div>

**PARTIES**

7.    Plaintiff DAVID ZAITZEFF ("ZAITZEFF") was jointly employed by Defendants from August 2, 2006 through March 8, 2008.

8.    Defendant PEREGRINE FINANCIAL GROUP, INC. ("PFG") is an Iowa corporation doing business in the County of Ventura, State of California.

9.    Defendant JOSEPH PETER SLAGA ("SLAGA") is an individual doing business in the County of Ventura, State of California.

**PRIVATE ATTORNEY GENERAL ALLEGATIONS**

10.    Pursuant to Cal. Labor Code §2698, et seq., the Private Attorney General Act ("PAGA") of 2004, Plaintiff is entitled to recover civil penalties on behalf of himself and other current or former employees provided the notice and other procedures prescribed by the statute are followed.

11.    Plaintiff is pursuing civil penalties for violations of Cal. Labor Code Sections 226, subdivision (a), 510, 226.7, 1198, and 212. These sections are all listed in Cal. Labor Code §2699.5. As such, the procedures for this action are specified in Cal. Labor Code §2699.3(a).

12.    Plaintiff is an aggrieved employee of some of these labor violations as set out in this complaint. He brings the PAGA causes of action for violations against all AGGRIEVED EMPLOYEES, as defined below.

13.    Plaintiff's attorney gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and Defendants stating the above mentioned code violations with facts to support each allegation. The certified mail was postmarked April 1, 2008. A copy of this notification is attached as Exhibit A.

14.    The LWDA notified Plaintiff by certified mail in a letter dated April 23, 2008 that they do not intend to investigate the allegations. As such, Plaintiff may commence a civil action pursuant to Cal. Labor Code §2699.

15.    Cal. Labor Code §2699(i) requires that any civil penalties be split with 75% paid to the LWDA and 25% paid to Plaintiff.

16.    The PAGA causes of action are brought for labor violations committed on the following group of AGGRIEVED EMPLOYEES: All brokers and/or salespersons of commodities or futures contracts working within the State of California

## FIRST CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF

### CALIFORNIA LABOR CODE

### (AGAINST PFG and DOES 1-5)

17.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 16.

18.    This cause of action is brought against PFG and DOES 1-5, jointly and individually.

19.    Pursuant to Cal. Labor Code §1197, payment of less than the minimum wage fixed by the Labor Commission is unlawful.

20.    While employed by Defendants, Plaintiff was not paid at least the minimum wage for all hours worked.

21.    Plaintiff was not paid the proper minimum wage by Defendants for at least one pay period within the three (3) years prior to initiating this lawsuit.

22.    Defendants know or should know the pay periods in which minimum wage was not paid as well as the amount of underpaid wages.

23.    Under California Labor Code, Plaintiff is to recover the minimum wage for all hours worked.

24.    As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount in excess of $25,029, and subject to proof at time of trial.

25.    Pursuant to Labor Code §§218.5, 218.6, 1194, and California Code of Regulations, Title 8, §11040, Plaintiff is entitled to recover damages for the nonpayment of the minimum wage for all hours worked, interest, reasonable attorney's fees and costs of suit.

26.    Pursuant to Labor Code §1194.2, Plaintiff is entitled to recover an additional amount equal to the unlawfully unpaid wages as liquidated damages. As such, Plaintiff

1    prays for an additional amount of $25,029.

2    <u>**SECOND CAUSE OF ACTION**</u>

3    **FAILURE TO PAY OVERTIME COMPENSATION UNDER**

4    **CALIFORNIA INDUSTRIAL WELFARE COMMISSION**

5    **ORDERS AND CALIFORNIA LABOR CODE**

6    **(AGAINST PFG and DOES 1-5)**

7    27.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 26. 27

8    28.    This cause of action is brought against PFG and DOES 1-5, jointly and

9    individually.

10    29.    Pursuant to Industrial Welfare Commission Order No. 4-2001, California

11    Code of Regulations, Title 8, §11040, for the period of Plaintiff's employment, Defendants

12    were required to compensate Plaintiff for all overtime, which is calculated at one and one-

13    half (1 ½) times the regular rate of pay for hours worked in excess of eight (8) in a day or

14    forty (40) hours in a week, and two (2) times the regular rate of pay for hours worked in

15    excess of twelve (12) hours in a day of hours worked in excess of eight (8) on the seventh

16    consecutive work day in a week.

17    30.    Plaintiff ZAITZEFF worked more than eight (8) hours in a single workday or

18    forty (40) hours in a single workweek on numerous occasions.

19    31.    Plaintiff ZAITZEFF was entitled to the above overtime premiums.

20    32.    Defendants did not pay Plaintiff premium wages of at least one and one-half

21    times Plaintiff's regular rate of pay for hours worked past eight (8) in a day.

22    33.    Defendants did not pay Plaintiff premium wages of at least one and one-half

23    times Plaintiff's regular rate of pay for hours worked past forty (40) in a week.

24    34.    Defendants did not pay Plaintiff premium wages of at least two times

25    Plaintiff's regular rate of pay for hours worked past twelve (12) in a day.

26    35.    Plaintiff ZAITZEFF worked at least one pay period in which he was not

27    properly paid overtime within the three (3) years prior to the initiation of this lawsuit.

28    36.    Defendants know or should know the actual dates of overtime worked, the

1  amount of overtime worked, and the amount of unpaid overtime due.

2      37.    As a proximate result of Defendants' violations, Plaintiff ZAITZEFF has

3  been damaged in an amount in excess of $9,387 and subject to proof at time of trial.

4      38.    Pursuant to Labor Code §§218.5, 218.6, 510, 1194 and California Code of

5  Regulations, Title 8, §11040, Plaintiff ZAITZEFF is entitled to recover damages for the

6  nonpayment of overtime premiums for all overtime hours worked, penalties, interest, plus

7  reasonable attorney's fees and costs of suit.

8                    **THIRD CAUSE OF ACTION**

9        **FAILURE TO PROVIDE ADEQUATE MEAL PERIODS UNDER**

10      **CALIFORNIA INDUSTRIAL WELFARE COMMISSION ORDERS**

11          **AND CALIFORNIA LABOR CODE SECTION 512**

12                  **(AGAINST PFG and DOES 1-5)**

13      39.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 38.

14      40.    This cause of action is brought against PFG and DOES 1-5, jointly and

15  individually.

16      41.    Pursuant to Industrial Welfare Commission Order No. 4-2001, California

17  Code of Regulations, Title 8, §11040, for the period of Plaintiff's employment, Defendants

18  were required to provide a thirty (30) minute meal period for any person working more than

19  five (5) hours in a day.

20      42.    Defendants failed to provide Plaintiff a meal period for numerous days

21  worked.

22      43.    Defendants know or should know the dates for each missed meal period as

23  well as the damages due.

24      44.    Defendants failed to provide Plaintiff at least one meal period within the three

25  (3) years prior to filing this lawsuit.

26      45.    Pursuant to Labor Code §512 and California Code of Regulations, Title 8,

27  §11040, Plaintiff ZAITZEFF is entitled to recover one (1) hour of pay at the regular rate of

28  compensation for each workday that the meal period was not provided.

1    46.    Plaintiff ZAITZEFF prays for damages for missed meals in an amount subject

2    to proof at time of trial.

3    **FOURTH CAUSE OF ACTION**

4    **FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED**

5    **UNDER LABOR CODE SECTION 226**

6    **(AGAINST PFG and DOES 1-5)**

7    47.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 46.

8    48.    This cause of action is brought against PFG and DOES 1-5, jointly and

9    individually.

10    49.    Pursuant to Labor Code §226, every employer must furnish each employee an

11    itemized statement of wages and deductions at the time of payment of wages.

12    50.    Defendants knowingly and intentionally furnished Plaintiff pay stubs that did

13    not accurately reflect all the information required by Labor Code § 226.

14    51.    Plaintiff suffered injury from the lack of proper information on the pay stubs

15    provided by Defendants.

16    52.    Plaintiff suffered injury under this cause of action within a period of one (1)

17    year prior to the initiation of this lawsuit.

18    53.    Pursuant to Labor Code §226(e) and (g), Plaintiff prays for judgment against

19    Defendants in an amount subject to proof at trial plus costs and attorney fees.

20    **FIFTH CAUSE OF ACTION**

21    **WAITING TIME PENALTIES UNDER LABOR CODE SECTION 203**

22    **(AGAINST PFG and DOES 1-5)**

23    54.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 53.

24    55.    This cause of action is brought against PFG and DOES 1-5, jointly and

25    individually.

26    56.    Plaintiff's employment with Defendants was terminated on March 8, 2008.

27    57.    Defendants willfully refused and continues to refuse to pay Plaintiff

28    ZAITZEFF unpaid wages as required by Labor Code §203.  Defendants know that the pay

1  is due and are refusing to pay it.

2      58.    Plaintiff ZAITZEFF requests damages and penalties as provided by Labor

3  Code §203 in the amount of $1,800, and subject to proof at time of trial.

4                          **SIXTH CAUSE OF ACTION**

5  **OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. §207 and §216**

6                          **(AGAINST ALL DEFENDANTS)**

7      59.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 58.

8      60.    This cause of action is against all Defendants, jointly and individually.

9      61.    Plaintiff is informed and believes and hereon alleges that Defendants are

10  subject to the provisions of the Fair Labor Standards Act.  Under 29 U.S.C. §207(a) and

11  §216(b),  Plaintiff is entitled to overtime pay at a rate of one and one-half (1 ½) times the

12  regular rate of  pay for hours worked in excess of forty (40) hours in a week and an equal

13  additional amount as liquidated damages, as well as costs and attorney's fees.

14      62.    Plaintiff worked numerous weeks in excess of forty (40) hours.

15      63.    Plaintiff was entitled to the above overtime premiums.

16      64.    Defendants failed to compensate Plaintiff for any overtime premiums.

17      65.    This court has jurisdiction over this cause of action because the federal statute

18  specifically grants the employee the right to bring the action in "any Federal or State court

19  of competent jurisdiction." 29 U.S.C. §216(b).

20      66.    Plaintiff worked at least one week in which overtime premiums were not paid

21  by Defendants under the Fair Labor Standards Act within the two (2) years prior to

22  initiating this lawsuit.

23      67.    Plaintiff's individual employment is covered by the terms of the Fair Labor

24  Standards Act.

25      68.    Defendant PFG was the employer of Plaintiff, as the term "employer" is

26  defined in the Fair Labor Standards Act.

27      69.    Defendant PFG was an enterprise covered by the provisions of the Fair Labor

28  Standards Act for the entire time of Plaintiff's employment.

1    70.    Defendant PFG conducted business with a total gross sales volume in excess

2  of $500,000 for each and every twelve (12) month period in which Plaintiff was employed.

3    71.    Defendant PFG employed at least two (2) employees during each and every

4  12 month period in which Plaintiff was employed.

5    72.    Defendant SLAGA was the employer of Plaintiff, as the term "employer" is

6  defined in the Fair Labor Standards Act. SLAGA was a corporate officer and/or agent of

7  PFG. SLAGA acted both directly and indirectly in the interest of PFG, as it related to

8  Plaintiff's employment and payment of wages.

9    73.    DOES 1-10 were the employer of Plaintiff, as the term "employer" is defined

10  in the Fair Labor Standards Act.

11    74.    Defendants' violations of 29 U.S.C. §207 were willful and intentional.

12    75.    Plaintiff prays for judgment for overtime pay of $9,387. This amount is

13  subsumed by the overtime pay claimed in the First Cause of Action.

14    76.    Plaintiff prays for judgment for liquidated damages in the amount of $9,387.

15  This amount is supplemental to the relief requested in all other causes of action.

16    77.    Plaintiff prays for costs and attorney's fees.

17                          **SEVENTH CAUSE OF ACTION**

18  **FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FAIR LABOR**

19                              **STANDARDS ACT**

20                          **AGAINST ALL DEFENDANTS**

21    78.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 77.

22    79.    This cause of action is brought against all Defendants jointly and individually.

23    80.    Pursuant to the Fair Labor Standards Act ("FLSA"), payment of less than the

24  minimum wage is unlawful.

25    81.    Plaintiff was not paid minimum wage for many of the pay periods in which he

26  performed work.

27    82.    Under the FLSA, Plaintiff is to recover compensation for all hours worked

28  but not paid by Defendants.

1    83.    Plaintiff was not paid at least the Federal minimum wage for at least one pay

2    period within the two (2) years prior to initiating this lawsuit.

3    84.    Defendants' failure to pay minimum wage was willful and intentional.

4    85.    As a proximate result of the aforementioned violations, Plaintiff has been

5    damaged in an amount in excess of $25,029, and subject to proof at time of trial.

6    86.    Pursuant to 29 U.S.C. §216, Plaintiff is entitled to recover damages for the

7    nonpayment of the minimum wage for all hours worked, interest, plus reasonable attorney's

8    fees and costs of suit.

9    87.    Pursuant to 29 U.S.C. §216, Plaintiff is entitled to recover an additional

10    amount equal to the unlawfully unpaid wages as liquidated damages.

11    **EIGHTH CAUSE OF ACTION**

12    **FAILURE TO INDEMNIFY EMPLOYEES UNDER LABOR CODE SECTION 2802**

13    **(AGAINST PFG and DOES 1-5)**

14    88.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 87.

15    89.    This cause of action is brought against PFG and DOES 1-5, jointly and

16    individually.

17    90.    Plaintiff incurred reasonable and necessary business expenses during his

18    employment with Defendants.

19    91.    Plaintiff was not properly reimbursed for all reasonable and necessary

20    business expenses and thus incurred a loss as a direct consequence of the discharge of his

21    duties.

22    92.    Defendants are required to indemnify Plaintiff against all losses and expenses

23    incurred in the discharge of his duties or in response to his employer's orders, as provided

24    in Cal. Lab. Code § 2802.

25    93.    Plaintiff prays for reimbursement for all losses and expense under this Cause

26    of Action in an amount subject to proof at time of trial, reasonable costs, interest, and

27    attorney fees.

28

1

## NINTH CAUSE OF ACTION

## VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS

## CODE SECTION 17200

## (AGAINST PFG and DOES 1-5)

94.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 93.

95.    This cause of action is brought against PFG and DOES 1-5, jointly and individually.

96.    By failing to pay overtime premiums, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code §17200, et. seq.

97.    By failing to provided adequate meal breaks, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code §17200, et. seq.

98.    By failing to pay at least the minimum wage, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code §17200, et. seq.

99.    By failing to indemnify for all reasonable or necessary losses or expense, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code §17200, et. seq.

100.    Plaintiff ZAITZEFF prays for restitution under this Cause of Action in an amount subject to proof at time of trial.

## TENTH CAUSE OF ACTION

## FAILURE TO PROVIDE PAY RECORDS

## (AGAINST PFG and DOES 1-5)

101.    Plaintiff refers to and incorporates by reference Paragraphs 1 through 100.

102.    This cause of action is brought against PFG and DOES 1-5, jointly and individually.

103.    Pursuant to Labor Code §226, employers must provide employees an

-11-
COMPLAINT FOR LABOR VIOLATIONS

1  opportunity to inspect or copy records upon request.

2      104.   Plaintiff requested his pay records in accordance with Labor Code §226 on

3  March 26, 2008.

4      105.   Defendants have failed to provide Plaintiff with an opportunity to inspect or

5  copy her records.

6      106.   Pursuant to Labor Code §226, Plaintiff prays for judgment against Defendants

7  in the amount of $750, costs and attorney fees.

8      107.   Pursuant to Labor Code §226, Plaintiff prays for an injunction requiring

9  Defendants to provide Plaintiff with all pay records under Labor Code §226.

10                    **ELEVENTH CAUSE OF ACTION**

11              **CIVIL PENALTIES FOR OVERTIME VIOLATIONS**

12                      **(AGAINST ALL DEFENDANTS)**

13      108.   Plaintiff ZAITZEFF refers to and incorporates by reference Paragraphs 1

14  through 107.

15      109.   This cause of action is brought against all Defendants jointly and individually.

16      110.   Plaintiff ZAITZEFF is informed and believes that all AGGRIEVED

17  EMPLOYEES of Defendants were not properly paid overtime in violation of Cal. Lab.

18  Code §§ 510 and 558.

19      111.   At least one such violation against an AGGRIEVED EMPLOYEE occurred

20  within the period of time one (1) year prior to Plaintiff giving notice to the LWDA.

21      112.   Cal. Labor Code §558 provides that an "employer or other person acting on

22  behalf of an employer" who causes such a violation will be subject to a $50 penalty for

23  each pay period for each employee.

24      113.   Defendant SLAGA acted on behalf of PFG and caused this overtime

25  violations.

26      114.   Cal. Labor Code §2699(g) provides that any "employee who prevails in any

27  action shall be entitled to an award of reasonable attorney's fees and costs."

28      115.   Plaintiff ZAITZEFF prays for civil penalties in an amount in excess of

1  $100,000 and subject to proof at time of trial, costs and reasonable attorney's fees.

2                          **TWELFTH CAUSE OF ACTION**

3            **CIVIL PENALTIES FOR MINIMUM WAGE VIOLATIONS**

4                          **(AGAINST PFG and DOES 1-5)**

5        116.   Plaintiff ZAITZEFF refers to and incorporates by reference Paragraphs 1

6  through 115.

7        117.   This cause of action is brought against PFG and DOES 1-5, jointly and

8  individually.

9        118.   Plaintiff ZAITZEFF is informed and believes that all AGGRIEVED

10 EMPLOYEES of Defendants were not properly paid the minimum wage in violation of Cal.

11 Lab. Code §§ 1194 and 1197.

12       119.   At least one such violation against an AGGRIEVED EMPLOYEE occurred

13 within the period of time one (1) year prior to Plaintiff giving notice to the LWDA.

14       120.   Cal. Labor Code §2699(g) provides that any "employee who prevails in any

15 action shall be entitled to an award of reasonable attorney's fees and costs."

16       121.   Plaintiff ZAITZEFF prays for civil penalties in an amount in excess of

17 $100,000 and subject to proof at time of trial, costs and reasonable attorney's fees.

18                       **THIRTEENTH CAUSE OF ACTION**

19             **CIVIL PENALTIES FOR BREAK VIOLATIONS**

20                       **(AGAINST ALL DEFENDANTS)**

21       122.   Plaintiff ZAITZEFF refers to and incorporates by reference Paragraphs 1

22 through 121.

23       123.   This cause of action is brought against all Defendants jointly and individually.

24       124.   Plaintiff ZAITZEFF is informed and believes that all AGGRIEVED

25 EMPLOYEES of Defendants were subject to violations of Cal. Lab. Code §§ 226.7, 512

26 and 558.

27       125.   At least one such violation against an AGGRIEVED EMPLOYEE occurred

28 within the period of time one (1) year prior to Plaintiff giving notice to the LWDA.

1    126.   Defendant SLAGA acted on behalf of PFG and caused this meal period

2  violations.

3    127.   Plaintiff ZAITZEFF prays for civil penalties in an amount in excess of

4  $100,000 and subject to proof at time of trial, costs and reasonable attorney's fees.

5  <center>**FOURTEENTH CAUSE OF ACTION**</center>

6  <center>**CIVIL PENALTIES FOR LABOR CODE 226(a) VIOLATIONS**</center>

7  <center>**(AGAINST PFG and DOES 1-5)**</center>

8    128.   Plaintiff ZAITZEFF refers to and incorporates by reference Paragraphs 1

9  through 127.

10    129.   This cause of action is brought against PFG and DOES 1-5, jointly and

11  individually.

12    130.   Cal. Labor Code §226(a)(9) requires that the employer provide a pay stub that

13  lists "all applicable hourly rates in effect during the pay period and the corresponding

14  number of hours worked at each hourly rate by the employee."

15    131.   Cal. Labor Code §226(a)(1) requires that the gross wages earned by the

16  employee.

17    132.   Plaintiff ZAITZEFF is informed and believes that Defendants failed to

18  comply with Labor Code §226(a) for all AGGRIEVED EMPLOYEES.

19    133.   At least one such violation against an AGGRIEVED EMPLOYEE occurred

20  within the period of time one (1) year prior to Plaintiff giving notice to the LWDA.

21    134.   Cal. Labor Code §226.3 provides that any employer who violates §226(a) will

22  be subject to a civil penalty of $250 per employee per pay period.

23    135.   Plaintiff ZAITZEFF prays for civil penalties in an amount in excess of

24  $100,000 and subject to proof at time of trial, costs and reasonable attorney's fees.

25  <center>**FIFTEENTH CAUSE OF ACTION**</center>

26  <center>**CIVIL PENALTIES FOR FAILING TO KEEP RECORDS**</center>

27  <center>**(AGAINST PFG and DOES 1-5)**</center>

28    136.   Plaintiff ZAITZEFF refers to and incorporates by reference Paragraphs 1

1  through 135.

2      137.   This cause of action is brought against PFG and DOES 1-5, jointly and

3  individually.

4      138.   California Code of Regulations, Title 8, §11040 requires that the employer

5  keep track of the start and stop time of each shift and the start and stop time for each meal

6  break.

7      139.   Plaintiff ZAITZEFF is informed and believes that Defendants willfully failed

8  to keep proper start and stop time records for all AGGRIEVED EMPLOYEES.

9      140.   At least one such violation against an AGGRIEVED EMPLOYEE occurred

10  within the period of time one (1) year prior to Plaintiff giving notice to the LWDA.

11      141.   Cal. Lab. Code § 1174(d) required employers to keep accurate records as

12  required by the Wage Order, and as such is actionable under Cal. Lab. Code § 2698, et seq.

13      142.   Plaintiff ZAITZEFF prays for civil penalties in an amount in excess of $500

14  and subject to proof at time of trial, costs and reasonable attorney's fees.

15                    **SIXTEENTH CAUSE OF ACTION**

16            **CIVIL PENALTIES FOR OUT-OF-STATE CHECKS**

17                    **(AGAINST PFG and DOES 1-5)**

18      143.   Plaintiff ZAITZEFF refers to and incorporates by reference Paragraphs 1

19  through 142.

20      144.   This cause of action is brought against PFG and DOES 1-5, jointly and

21  individually.

22      145.   California Labor Code § 212 requires that all pay checks be payable in cash,

23  on demand, without discount, at some established place of business in the State of

24  California.

25      146.   Plaintiff ZAITZEFF is informed and believes that Defendants willfully failed

26  to issues paychecks payable in cash, without discount, at some established place of business

27  in the State of California for all AGGRIEVED EMPLOYEES.

28      147.   At least one such violation against an AGGRIEVED EMPLOYEE occurred

1 | within the period of time one (1) year prior to Plaintiff giving notice to the LWDA.

2      148.   Plaintiff ZAITZEFF prays for civil penalties in an amount in excess of

3 | $100,000 and subject to proof at time of trial, costs and reasonable attorney's fees.

4      WHEREFORE, Plaintiff prays for the following relief:

5     1.   Damages for overtime not paid to Plaintiff ZAITZEFF in an amount in excess of

6 | $9,387 and subject to proof at trial.

7     2.   For liquidated damages in the amount of $9,387 and subject to proof at trial.

8     3.   Damages for minimum wage not paid to Plaintiff ZAITZEFF in an amount in

9 | excess of $25,029 and subject to proof at trial.

10     4.   Liquidated Damages for minimum wage not paid to Plaintiff ZAITZEFF in an

11 | amount in excess of $25,029 and subject to proof at trial.

12     5.   All unpaid loses or expenses in an amount subject to proof at trial.

13     6.   Damages for meal premiums not paid to Plaintiff ZAITZEFF in an amount

14 | subject to proof at trial.

15     7.   For damages and penalties under Labor Code §226 for Plaintiff ZAITZEFF in an

16 | amount subject to proof at trial.

17     8.   For penalties and damages pursuant to Labor Code § 203 for Plaintiff

18 | ZAITZEFF in an amount of $1,800, and subject to proof at trial.

19     9.   For $750 for failure to allow Plaintiff to inspect or copy records

20     10.   For restitution and disgorgement for all unfair business practices against Plaintiff

21 | ZAITZEFF in an amount subject to proof at trial.

22     11.   For prejudgment and post judgment interest.

23     12.   Civil penalties under the Private Attorney General Act in an amount in excess of

24 | $400,000 and subject to proof at trial.

25     13.   Cost of suit.

26 | ///

27 | ///

28 | ///

1    14.    Attorneys' fees.

2    15.    For such other and further relief as the court may deem proper.

3

4    DATED: April 29, 2008                    LAW OFFICES OF MICHAEL TRACY

5

6                                      By: _____

7                                      MICHAEL TRACY, Attorney for Plaintiff
                                       DAVID ZAITZEFF
8

9                            **DEMAND FOR JURY TRIAL**

10        Plaintiff demands a jury trial.

11   DATED: April 29, 2008                    LAW OFFICES OF MICHAEL TRACY

12

13                                     By: _____

14                                     MICHAEL TRACY, Attorney for Plaintiff
                                       DAVID ZAITZEFF
15

16

17

18

19

20

21

22

23

24

25

26

27

28

-17-

# EXHIBIT A

# LAW OFFICES OF MICHAEL TRACY

2030 Main St. • Suite 1300 • Irvine, CA 92614 • Phone: 949-260-9171 • Fax: 866-365-3051

Labor and Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

Date: April 1, 2008

**RE: REPORTING LABOR VIOLATIONS OF PEREGRINE FINANCIAL GROUP, INC.**

Dear Labor and Workforce Development Agency:

I am an attorney who represents Zaitzeff, David. Mr. Zaitzeff is a former employee of Peregrine Financial Group, Inc. ("Employer"). Pursuant to Cal. Labor Code §2699, et seq, my client is giving notice of the alleged labor violations. If the Labor and Workforce Development Agency does not have the time or interest in investigating these matters, please inform me of your intent to not investigate at the following address:

Law Offices of Michael Tracy
2030 Main St. Ste 1300
Irvine, CA 92614

My client was employed by Employer from 8/02/2006 through 3/08/2008. The company's address is:

Peregrine Financial Group, Inc.
400 Camarillo Ranch Road, Suite 101
Camarillo, CA 93012

Below are the facts and theories of the various labor violations committed against my client as well all other aggrieved employees in California. My client believes that all of the following labor violations were committed against all employees working in a similar capacity to Mr. Zaitzeff. In addition, the following employees are also aggrieved of the violations ("AGGRIEVED EMPLOYEES"): All brokers and/or salespersons of commodities or futures contracts working within the State of California

During his time of employment, Mr. Zaitzeff frequently worked over eight hours a day, and over forty hours per week. His overtime premiums were not properly calculated, in violation of Labor Code §510. My client, from talking with other employees, understands that other AGGRIEVED EMPLOYEES were paid on a similar basis.

During his time of employment, Mr. Zaitzeff worked hours for which the applicable minimum wage was not paid. This is a violation of Cal. Labor Code §§ 1194 and 1197. My client, from talking with other employees, understands that other AGGRIEVED EMPLOYEES were paid on a similar basis.

Mr. Zaitzeff was not provided an adequate pay stub listing all hours worked and other items as required by Cal. Labor Code §226. My client believes that other AGGRIEVED EMPLOYEES were similarly treated.

Peregrine Financial Group, Inc. failed to keep time records showing when the employee started and stopped each work period. Employer also failed to keep accurate records showing the start and stop time of each meal period as required by the applicable Wage Order's record keeping requirement. This is a violation of Cal. Lab. Code § 1198 and 1174(d). My client believes that other AGGRIEVED EMPLOYEES were similarly treated.

Mr. Zaitzeff was not provided ample meal periods or break periods as required under Cal Labor Code §226.7 and §512. My client believes that other AGGRIEVED EMPLOYEES were similarly treated.

Peregrine Financial Group, Inc. issued checks for wages that were not payable in cash, on demand, without discount at a place of business in the State of California. This is a violation of Labor Code §212. My client believes that other AGGRIEVED EMPLOYEES were similarly treated.

My client is informed and believes that the above labor code violations were caused by individual agents and officers of Employer. In addition, these agents and/or officers either violated or neglected to comply with the above mentioned violations. My client will seek individual liability under Labor Code §§ 558 and 1199 against the following individuals, as well as others who are discovered in the future: Joseph Peter Slaga

Thank you for your time and any assistance in this matter.

Thank You,

Michael Tracy
Attorney

cc: Peregrine Financial Group, Inc.,

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Mariana P. Pfaelzer and the assigned discovery Magistrate Judge is Jeffrey W. Johnson.

The case number on all documents filed with the Court should read as follows:

## CV08- 2874 MRP (JWJx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

The United States District Judge assigned to this case will review all filed discovery motions and thereafter, on a case-by-case or motion-by-motion basis, may refer discovery related motions to the Magistrate Judge for hearing and determination

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
DAVID ZAITZEFF, et al.

**DEFENDANTS**
PEREGRINE FINANCIAL GROUP, et al.

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
MICHAEL L. TRACY, ESQ.
2030 MAIN STREET, SUITE 1300
IRVINE, CA  92614
(949) 260-9171

Attorneys (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑1 | ☑1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☑2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☑1 Original Proceeding
☐2 Removed from State Court
☐3 Remanded from Appellate Court
☐4 Reinstated or Reopened
☐5 Transferred from another district (specify):
☐6 Multi-District Litigation
☐7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑Yes ☐No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑No   ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. SECTION 201 - UNPAID OVERTIME AND OTHER VARIOUS PENALTIES

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☑ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | ☐ 440 Other Civil Rights | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: _____   **CV08-02874**

CIVIL COVER SHEET

CV-71 (07/05)



# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b).  RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No    ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)    ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
  LOS ANGELES

List the California County, or State if other than California, in which **EACH** named defendant resides.  (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
  IOWA
  LOS ANGELES, CA

**List the California County,** or  State if other than California, in which **EACH** claim arose.  (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.
  LOS ANGELES

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** _____    Date _____ 4/29/08

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |