Michael J. Abbott (Bar No. 53042)
**JONES, BELL, ABBOTT, FLEMING & FITZGERALD L.L.P.**
601 South Figueroa Street, Twenty-Seventh Floor
Los Angeles, California 90017-5759
Telephone Number: (213) 485-1555
Facsimile Number:  (213) 689-1004

Joel J. Bellows (Cal. Bar No. 37092)
Christopher L. Gallinari (*Pro Hac Vice* Pending)
**BELLOWS AND BELLOWS, P.C.**
209 South LaSalle Street, Suite 800
Chicago, Illinois 60604
Telephone Number: (312) 332-3340
Facsimile Number:  (312) 332-1190

Attorneys for Defendants Peregrine Financial Group, Inc.,
and Joseph Peter Slaga

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| DAVID ZAITZEFF, an individual on his own behalf and on behalf of the State of California Labor and Workforce Development Agency as a Private Attorney General,<br><br>Plaintiff,<br><br>vs.<br><br>PEREGRINE FINANCIAL GROUP, INC., an Iowa Corporation, JOSEPH PETER SLAGA, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.  CV08-02874-MMM<br><br>**DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS COMPLAINT FOR IMPROPER VENUE OR IN THE ALTERNATIVE FOR A TRANSFER OF VENUE AND PETITION TO COMPEL ARBITRATION**<br><br>Hearing Date: June 23, 2008<br>Time:              10:00 A.M.<br>Judge:             Hon. Margaret M. Morrow<br>Courtroom:    Roybal 780 |

As and for their Reply Memorandum in further support of their Motion to Dismiss the Complaint for Improper Venue or in the alternative for a Transfer of Venue and to Compel Arbitration, Defendants state the following.

I.

Zaitzeff Cannot Avoid the Illinois

Forum Selection Clause

The forum selection clause in the Associated Person Agreement between Zaitzeff and PFG is valid and should be enforced. Whether Zaitzeff terminated his relationship with PFG after his alleged claims arose is immaterial. In *Oldlaw Corp. v. Allen*, 2007 WL 2772697 (C.D. Ill. Sept. 24, 2007), the court considered and rejected the same argument made by Zaitzeff here, i.e., that termination of the agreement also terminated its forum selection clause. Such an interpretation of a contract would be nonsensical. In *Oldlaw*, the court stated, "Nonsensical interpretations of contracts are disfavored. Not because of a judicial aversion to nonsense as such, but because people are unlikely to make contracts that they believe will have absurd consequences." *Oldlaw*, 2007 WL 2772697, at *5, *citing and quoting from*, *Future Source LLC v. Reuters, Ltd.*, 312 F.3d 281, 284 (7th Cir. 2002). Instead, as *Oldlaw* explained, "Plaintiff's causes of action arise from obligations accrued before the Agreement's termination. The venue clause merely determines where the litigation over those obligations belongs." 2007 WL 2772697, at *4.

Here, Zaitzeff concedes the authenticity of the Agreement he signed and which is attached to the original Declaration of Rebecca Wing. Zaitzeff Decl., Par. 2. He bases his lawsuit on purported statutory rights he claims as an alleged former employee of PFG; but, any such rights existed, if at all, prior to the termination of that relationship. As in *Oldlaw*, the forum selection clause determines where litigation over those alleged rights belongs. Otherwise, the forum selection clause never would have application insofar as a contract is deemed terminated when one party sues the other for damages arising from its breach. *See*, *e.g.*, *Eager v. Berke*, 142 N.E.2d 36, 38-39 (Ill. 1957).

Zaitzeff's underlying claims are without merit. Despite his assertion to the contrary, Zaitzeff was an independent contractor, not an employee of PFG. As the

Agreement itself states, "<u>Independent Contractor Status</u>. [Zaitzeff] acknowledges that he has been offered employment but has declined to be employed by PFG, choosing to be retained by PFG on an independent contractor basis."  Agreement, at page 5, Exhibit "A" ¶ 4 (emphasis in original).  This page was signed by Zaitzeff and dated in his own hand.  Each page of the Agreement was initialed or executed by Zaitzeff.  At the last page of the Agreement, Exhibit "B" thereto, Zaitzeff wrote in his own hand the names of customers to be carved out of his post-termination non-compete covenant.  Therefore, the Agreement itself defies Zaitzeff's conclusory and unsupported statement that the Agreement was presented to him on a take it or leave it basis.  See also, Reply Declaration of Joseph Peter Slaga, at ¶¶ 3-5; and Reply Declaration of Rebecca Wing, at ¶¶ 5-7.

Nor can Zaitzeff avoid an Illinois forum by arguing that he was an employee and not an independent contractor.  The forum selection clause applies to all claims "arising directly or indirectly in connection with, out of, or related to or from this Agreement, [or] *any other agreement* between [Plaintiff] and [Defendant], whether or not initiated by [Defendant]..." (emphasis supplied).  Under both Illinois and California law, an employment-by-will relationship is a form of agreement. *See*, *e.g.*, *Klein v. Caremark International, Inc.*, 771 N.E.2d 1, 13 (Ill.App. 2002); *Dore v. Arnold Worldwide, Inc.*, 139 P.2d 56, 60 (Cal. 2006).  Therefore, the forum selection clause applies to any litigation, including this one, regarding the parties' respective rights and obligations arising out of either an employment or independent contractor relationship between Zaitzeff and PFG.

The forum selection clause applies to *all* claims arising out of either form of agreement between the parties, even claims that are not for breach of contract.  In *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509 (9th Cir. 1988), the Ninth Circuit rejected the argument that a forum selection clause applies only to breach of contract claims, concluding instead that such a clause applies to any claim that "relates to interpretation of the contract." 858 F.2d at 514.  In the case at bar, Zaitzeff's claims

relate to the interpretation of his Agreement, including whether he was an independent contractor, as Defendants contend and as the Agreement itself states.

Zaitzeff's reliance on *Nagrampa v. Mailcoups, Inc.*, 469 F.3d 1257 (9th Cir. 2006) is misplaced. In *Nagrampa*, both parties proceeded "on the assumption that the franchise agreement is governed by California law...." 469 F.3d at 1267. In the case at bar, the Agreement is governed by Illinois law. Agreement, at Par. 17 ("This Agreement shall be governed by the laws of the State of Illinois.") California law regarding unconscionability of a forum selection clause, as applied by the Ninth Circuit in *Nagrampa*, has no bearing on this case. Moreover, in *Nagrampa*, the plaintiff had no reasonable expectation that she had agreed to an out-of-state forum because she had received documentation from the defendants stating that a clause imposing such a forum may be unenforceable. 469 F.3d at 1290. In the case at bar, Zaitzeff signed the Agreement explicitly designating Illinois as the forum and received no contrary documentation from Defendants. Therefore, *Nagrampa* is inapposite.

As already stated in the Motion, federal law governs the enforceability of the forum selection clause because this case presents a federal question. Zaitzeff wholly fails to distinguish the federal case law relied upon by Defendants in their Motion. Likewise, Illinois law, the body of law that governs the Agreement, upholds such forum selection clauses. *Muzmudar v. Wellness International Network, Inc.*, 438 F.3d 759, 761 (7th Cir. 2006) ("under either federal or Illinois law, forum selection clauses are valid and enforceable"); *Dace International, Inc. v. Apple Computer, Inc.*, 655 N.E.2d 974 (1st Dist. 1995) (enforcing clause in contract between California manufacturer and Illinois sales consultant requiring that all disputes be heard in California); *Calanca v. D&S Manufacturing Co.*, 510 N.E.2d 21 (1st Dist. 1987) (enforcing forum selection clause contained in employment agreement and requiring Illinois employee to litigate claims against former employer in Wisconsin).

Zaitzeff further misstates the holding of *Murphy v. Schneider National, Inc.*, 362 F.3d 1133 (9th Cir. 2004). In *Murphy*, the court held that, if the party

resisting enforcement of a forum selection clause presents evidence sufficient to overcome the strong presumption in favor of such a clause, the court *may*, in its discretion, hold an evidentiary hearing to resolve disputed facts. "Whether to hold a hearing on disputed facts and the scope and method of the hearing is within the sound discretion of the district court." 362 F.3d at 1139. Therefore, Zaitzeff has no right to a jury trial on his efforts to avoid the forum selection clause. Indeed, under *Murphy*, the court need not hold any form of evidentiary hearing.

Zaitzeff cannot overcome the strong presumption in favor of validity of the forum selection clause. The case law that he relies upon does not support his position. In *Becker*, the court held that plaintiff's assertions regarding the parties' unequal bargaining power were insufficient to overcome the presumptive validity of the forum selection clause; however, the court also held that his specific evidence regarding both his financial and physical limitations should have been considered by the district court. 362 F.3d at 1141-43. In *Bolter v. Superior Court*, 87 Cal. App. 4th 900 (Cal. App. 2001), plaintiffs presented evidence that they were self-employed and ran one-person businesses which required them to remain close to home or lose much of their business; one plaintiff cared for her husband who was severely ill and could not get by in her absence. 87 Cal. App. 4th at 909.

In his Declaration, Zaitzeff offers no facts supporting his assertions of unequal bargaining power. His approach should be unavailing pursuant to *Becker*. Indeed, conclusory assertions of financial inconvenience are insufficient under *Spradlin v. Lear Siegler Management Services, Inc.*, 926 F.2d 865, 867-68 (9th Cir. 1991). Zaitzeff concedes he suffers none of the physical hardships that were significant factors in *Becker* and *Bolter*. He contends his financial status is "very poor;" however, he offers no evidence to support this bare statement. Although his attorney produces evidence of what PFG paid Zaitzeff for the intermittent contract work done for PFG, Zaitzeff offers no evidence regarding regular income from other sources or other assets at his disposal. Therefore, the Declarations of Zaitzeff and his

attorney should be disregarded on this point as not being well-supported by evidence.

Based on the foregoing, the court should grant the motion to dismiss for improper venue or in the alternative transfer the case to the Northern District of Illinois pursuant to the parties' forum selection clause.

## II.
## The Arbitration Issue Has No Bearing on the Validity of the Forum Selection Clause

The validity and enforceability of the forum selection clause is an issue separate and distinct from whether Zaitzeff is obligated to arbitrate his claims against Defendants. PFG did file a Statement of Claim against Zaitzeff in NFA arbitration. That Statement of Claim seeks reimbursement for a deficit in one of Zaitzeff's customer's accounts and other damages, a ruling that Zaitzeff was an independent contractor and not an employee of PFG and a ruling that he was not entitled to any offsets against the amount he owes PFG based upon the alleged violations of federal and state law that are contained in his instant Complaint.

Since filing the instant motion, PFG has learned the NFA will not compel Zaitzeff to arbitrate PFG's declaratory judgment claims. While Zaitzeff is required to arbitrate PFG's claim against him for reimbursement for the account deficit, that issue is not presently before this Court.

DATED: June 13, 2008     **JONES, BELL, ABBOTT, FLEMING & FITZGERALD L.L.P.**
Michael J. Abbott

By:     /s/  Michael J. Abbott
          Michael J. Abbott
Attorneys for Defendants Peregrine Financial Group, Inc., and Joseph Peter Slaga

# REPLY DECLARATION OF REBECCA J. WING

I, Rebecca J. Wing, hereby declare:

1. I have personal knowledge of the facts set forth herein and would and could testify competently thereto if sworn as a witness.

2. I am the General Counsel of Peregrine Financial Group, Inc. ("PFG"), whose principal place of business is located in Chicago, Illinois. PFG is a registered Futures Commission Merchant and Member of the National Futures Association.

3. Defendant Joseph Peter Slaga is an employee of PFG and is the branch manager of its Camarillo, California office.

4. From March 20, 2006 through his resignation on March 2, 2008, David Zaitzeff was an Associated Person of PFG and was registered with the NFA as an Associate. Within the futures industry, such Associates are referred to colloquially as "Associate Members."

5. The Associated Person Agreement between PFG and Zaitzeff was not presented to Zaitzeff on a take-it-or-leave-it basis. The Agreement states at Exhibit "A" that Zaitzeff was given an opportunity to become a PFG employee but declined and chose to be retained by PFG as an independent contractor instead.

6. As General Counsel I review every employment or independent contractor agreement entered into by PFG. It is a common occurrence for some Associated Persons of PFG to decline PFG's offer of employment and choose to be

retained as independent contractors instead. Associated Persons affiliated with brokerage firms often choose to operate their activities as a separate business in order to take advantage of above-the-line income tax deductions that would not be available to them if they were employees of the firms.

7.  Currently affiliated with PFG's Camarillo, California office are five Associated Persons, two of whom accepted PFG's offer to become employees of PFG and three of whom declined that offer, choosing to be retained as independent contractors instead.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Dated: June 12, 2008

Rebecca J. Wing

- 8 -
DEFENDANTS' REPLY MEMO. IN FURTHER SUPPORT OF THEIR MOT. TO DISMISS COMPLAINT FOR IMPROPER VENUE OR FOR TRANSFER OF VENUE + PET. TO COMPEL ARBITRATION

REPLY DECLARATION OF JOSEPH PETER SLAGA

I, Joseph Peter Slaga, hereby declare:

1. I have personal knowledge of the facts set forth herein and would and could testify competently thereto if sworn as a witness.

2. I am an employee of Peregrine Financial Group, Inc. ("PFG") and the branch manager of its Camarillo, California office.

3. From March 20, 2006 through his resignation on March 2, 2008, David Zaitzeff was an Associated Person of PFG and was registered with the NFA as an Associate. During that time period, Zaitzeff worked as an independent contractor of PFG and not as an employee.

4. On or about March 20, 2006, I offered Zaitzeff employment with PFG. Zaitzeff declined employment with PFG and elected instead to work as an independent contractor. Therefore, I offered Zaitzeff for his consideration and review an Associated Person Agreement which stated on Exhibit "A" that he had been offered employment by PFG but declined to be employed by PFG, choosing to be retained instead as an independent contractor.

5. I did not present the Associated Person Agreement to Zaitzeff on a take-it-or-leave-it basis. In addition to Zaitzeff's choice to be retained as an independent contractor, Zaitzeff also identified customers who were to be carved out of the covenant not to compete that would apply following the termination of his agreement. Zaitzeff reviewed and initialed the bottom of each page, signed the Agreement, signed again at the bottom of Exhibits "A" and "B" and wrote in his own

hand the names of customers to be carved out of his covenant not to compete on Exhibit "B." Zaitzeff never asked to change any of the Agreement's terms prior to executing the Agreement.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Dated: June 12, 2008

Joseph Peter Slaga

- 10 -

DEFENDANTS' REPLY MEMO. IN FURTHER SUPPORT OF THEIR MOT. TO DISMISS COMPLAINT FOR IMPROPER VENUE OR FOR TRANSFER OF VENUE + PET. TO COMPEL ARBITRATION