1  Michael J. Abbott (Bar No. 53042)
   **JONES, BELL, ABBOTT, FLEMING & FITZGERALD L.L.P.**
2  601 South Figueroa Street, Twenty-Seventh Floor
   Los Angeles, California 90017-5759
3  Telephone Number: (213) 485-1555
   Facsimile Number:  (213) 689-1004
4
5  Joel J. Bellows (Cal. Bar No. 37092)
   Christopher L. Gallinari (*Pro Hac Vice* Pending)
6  **BELLOWS AND BELLOWS, P.C.**
   209 South LaSalle Street, Suite 800
7  Chicago, Illinois 60604
   Telephone Number: (312) 332-3340
8  Facsimile Number:  (312) 332-1190
9  Attorneys for Defendants Peregrine Financial Group, Inc.,
   and Joseph Peter Slaga
10
11                **IN THE UNITED STATES DISTRICT COURT**
12
        **FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**
13

14  DAVID ZAITZEFF, an individual on            **CASE NO.  CV08-02874-MMM**
    his own behalf and on behalf of the
15  State of California Labor and
    Workforce Development Agency as a          **DEFENDANTS' REPLY**
16  Private Attorney General,                  **MEMORANDUM IN FURTHER**
                                               **SUPPORT OF THEIR MOTION TO**
17                  Plaintiff,                 **DISMISS COMPLAINT FOR**
                                               **IMPROPER VENUE OR IN THE**
18                                             **ALTERNATIVE FOR A TRANSFER OF**
                                               **VENUE AND PETITION TO COMPEL**
19          vs.                                **ARBITRATION**
20
21  PEREGRINE FINANCIAL GROUP,
    INC., an Iowa Corporation, JOSEPH          Hearing Date: June 23, 2008
22  PETER SLAGA, an individual; and            Time:         10:00 A.M.
    DOES 1-10, inclusive,                      Judge:        Hon. Margaret M. Morrow
23                                             Courtroom:    Roybal 780
24                  Defendants.
25
26          As and for their Reply Memorandum in further support of their Motion to
27  Dismiss the Complaint for Improper Venue or in the alternative for a Transfer of
28  Venue and to Compel Arbitration, Defendants state the following.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I.

Zaitzeff Cannot Avoid the Illinois

Forum Selection Clause

The forum selection clause in the Associated Person Agreement between Zaitzeff and PFG is valid and should be enforced.  Whether Zaitzeff terminated his relationship with PFG after his alleged claims arose is immaterial.  In *Oldlaw Corp. v. Allen*, 2007 WL 2772697 (C.D. Ill. Sept. 24, 2007), the court considered and rejected the same argument made by Zaitzeff here, i.e., that termination of the agreement also terminated its forum selection clause.  Such an interpretation of a contract would be nonsensical.  In *Oldlaw*, the court stated, "Nonsensical interpretations of contracts are disfavored.  Not because of a judicial aversion to nonsense as such, but because people are unlikely to make contracts that they believe will have absurd consequences." *Oldlaw*, 2007 WL 2772697, at *5, *citing and quoting from*, *Future Source LLC v. Reuters, Ltd.*, 312 F.3d 281, 284 (7th Cir. 2002).  Instead, as *Oldlaw* explained, "Plaintiff's causes of action arise from obligations accrued before the Agreement's termination.  The venue clause merely determines where the litigation over those obligations belongs."  2007 WL 2772697, at *4.

Here, Zaitzeff concedes the authenticity of the Agreement he signed and which is attached to the original Declaration of Rebecca Wing.  Zaitzeff Decl., Par. 2. He bases his lawsuit on purported statutory rights he claims as an alleged former employee of PFG; but, any such rights existed, if at all, prior to the termination of that relationship.  As in *Oldlaw*, the forum selection clause determines where litigation over those alleged rights belongs. Otherwise, the forum selection clause never would have application insofar as a contract is deemed terminated when one party sues the other for damages arising from its breach.  *See*, *e.g.*, *Eager v. Berke*, 142 N.E.2d 36, 38-39 (Ill. 1957).

Zaitzeff's underlying claims are without merit.  Despite his assertion to the contrary, Zaitzeff was an independent contractor, not an employee of PFG.  As the

DEFENDANTS' REPLY MEMO. IN FURTHER SUPPORT OF THEIR MOT. TO DISMISS COMPLAINT FOR IMPROPER VENUE OR FOR TRANSFER OF VENUE + PET. TO COMPEL ARBITRATION

1   Agreement itself states, "<u>Independent Contractor Status</u>.  [Zaitzeff] acknowledges that

2   he has been offered employment but has declined to be employed by PFG, choosing to

3   be retained by PFG on an independent contractor basis."   Agreement, at page 5,

4   Exhibit "A" ¶ 4 (emphasis in original).  This page was signed by Zaitzeff and dated in

5   his own hand.  Each page of the Agreement was initialed or executed by Zaitzeff.  At

6   the last page of the Agreement, Exhibit "B" thereto, Zaitzeff wrote in his own hand the

7   names of customers to be carved out of his post-termination non-compete covenant.

8   Therefore, the Agreement itself defies Zaitzeff's conclusory and unsupported statement

9   that the Agreement was presented to him on a take it or leave it basis.  See also, Reply

10  Declaration of Joseph Peter Slaga, at ¶¶ 3-5; and Reply Declaration of Rebecca Wing,

11  at ¶¶ 5-7.

12          Nor can Zaitzeff avoid an Illinois forum by arguing that he was an

13  employee and not an independent contractor.  The forum selection clause applies to all

14  claims "arising directly or indirectly in connection with, out of, or related to or from

15  this Agreement, [or] *any other agreement* between [Plaintiff] and [Defendant], whether

16  or not initiated by [Defendant]..." (emphasis supplied).   Under both Illinois and

17  California law, an employment-by-will relationship is a form of agreement.  *See*, *e.g.*,

18  *Klein v. Caremark International, Inc.*, 771 N.E.2d 1, 13 (Ill.App. 2002); *Dore v.*

19  *Arnold Worldwide, Inc.*, 139 P.2d 56, 60 (Cal. 2006).  Therefore, the forum selection

20  clause applies to any litigation, including this one, regarding the parties' respective

21  rights and obligations arising out of either an employment or independent contractor

22  relationship between Zaitzeff and PFG.

23          The forum selection clause applies to *all* claims arising out of either form

24  of agreement between the parties, even claims that are not for breach of contract.  In

25  *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509 (9th Cir. 1988), the Ninth

26  Circuit rejected the argument that a forum selection clause applies only to breach of

27  contract claims, concluding instead that such a clause applies to any claim that "relates

28  to interpretation of the contract."  858 F.2d at 514.  In the case at bar, Zaitzeff's claims

DEFENDANTS' REPLY MEMO. IN FURTHER SUPPORT OF THEIR MOT. TO DISMISS COMPLAINT FOR
IMPROPER VENUE OR FOR TRANSFER OF VENUE + PET. TO COMPEL ARBITRATION

1   relate to the interpretation of his Agreement, including whether he was an independent

2   contractor, as Defendants contend and as the Agreement itself states.

3              Zaitzeff's reliance on *Nagrampa v. Mailcoups, Inc.*, 469 F.3d 1257 (9th

4   Cir. 2006) is misplaced.  In *Nagrampa*, both parties proceeded "on the assumption that

5   the franchise agreement is governed by California law...." 469 F.3d at 1267.  In the

6   case at bar, the Agreement is governed by Illinois law.  Agreement, at Par. 17 ("This

7   Agreement shall be governed by the laws of the State of Illinois.")  California law

8   regarding unconscionability of a forum selection clause, as applied by the Ninth Circuit

9   in *Nagrampa*, has no bearing on this case.  Moreover, in *Nagrampa*, the plaintiff had

10  no reasonable expectation that she had agreed to an out-of-state forum because she had

11  received documentation from the defendants stating that a clause imposing such a

12  forum may be unenforceable.  469 F.3d at 1290.  In the case at bar, Zaitzeff signed the

13  Agreement explicitly designating Illinois as the forum and received no contrary

14  documentation from Defendants.  Therefore, *Nagrampa* is inapposite.

15             As already stated in the Motion, federal law governs the enforceability of

16  the forum selection clause because this case presents a federal question.  Zaitzeff

17  wholly fails to distinguish the federal case law relied upon by Defendants in their

18  Motion.  Likewise, Illinois law, the body of law that governs the Agreement, upholds

19  such forum selection clauses.  *Muzmudar v. Wellness International Network, Inc.*, 438

20  F.3d 759, 761 (7th Cir. 2006) ("under either federal or Illinois law, forum selection

21  clauses are valid and enforceable"); *Dace International, Inc. v. Apple Computer, Inc.*,

22  655 N.E.2d 974 (1st Dist. 1995) (enforcing clause in contract between California

23  manufacturer and Illinois sales consultant requiring that all disputes be heard in

24  California); *Calanca v. D&S Manufacturing Co.*, 510 N.E.2d 21 (1st Dist. 1987)

25  (enforcing forum selection clause contained in employment agreement and requiring

26  Illinois employee to litigate claims against former employer in Wisconsin).

27             Zaitzeff further misstates the holding of *Murphy v. Schneider National,*

28  *Inc.*, 362 F.3d 1133 (9th Cir. 2004).  In *Murphy*, the court held that, if the party

DEFENDANTS' REPLY MEMO. IN FURTHER SUPPORT OF THEIR MOT. TO DISMISS COMPLAINT FOR
IMPROPER VENUE OR FOR TRANSFER OF VENUE + PET. TO COMPEL ARBITRATION

1    resisting enforcement of a forum selection clause presents evidence sufficient to

2    overcome the strong presumption in favor of such a clause, the court *may*, in its

3    discretion, hold an evidentiary hearing to resolve disputed facts.  "Whether to hold a

4    hearing on disputed facts and the scope and method of the hearing is within the sound

5    discretion of the district court."  362 F.3d at 1139.  Therefore, Zaitzeff has no right to a

6    jury trial on his efforts to avoid the forum selection clause.  Indeed, under *Murphy*, the

7    court need not hold any form of evidentiary hearing.

8            Zaitzeff cannot overcome the strong presumption in favor of validity of

9    the forum selection clause.  The case law that he relies upon does not support his

10   position.  In *Becker*, the court held that plaintiff's assertions regarding the parties'

11   unequal bargaining power were insufficient to overcome the presumptive validity of

12   the forum selection clause; however, the court also held that his specific evidence

13   regarding both his financial and physical limitations should have been considered by

14   the district court.  362 F.3d at 1141-43.  In *Bolter v. Superior Court*, 87 Cal. App. 4th

15   900 (Cal. App. 2001), plaintiffs presented evidence that they were self-employed and

16   ran one-person businesses which required them to remain close to home or lose much

17   of their business; one plaintiff cared for her husband who was severely ill and could

18   not get by in her absence.  87 Cal. App. 4th at 909.

19           In his Declaration, Zaitzeff offers no facts supporting his assertions of

20   unequal bargaining power.  His approach should be unavailing pursuant to *Becker*.

21   Indeed, conclusory assertions of financial inconvenience are insufficient under

22   *Spradlin v. Lear Siegler Management Services, Inc.*, 926 F.2d 865, 867-68 (9th Cir.

23   1991).  Zaitzeff concedes he suffers none of the physical hardships that were

24   significant factors in *Becker* and *Bolter*.  He contends his financial status is "very

25   poor;" however, he offers no evidence to support this bare statement.  Although his

26   attorney produces evidence of what PFG paid Zaitzeff for the intermittent contract

27   work done for PFG, Zaitzeff offers no evidence regarding regular income from other

28   sources or other assets at his disposal.  Therefore, the Declarations of Zaitzeff and his

- 5 -

1  attorney should be disregarded on this point as not being well-supported by evidence.

2          Based on the foregoing, the court should grant the motion to dismiss for

3  improper venue or in the alternative transfer the case to the Northern District of Illinois

4  pursuant to the parties' forum selection clause.

5  II.

6  The Arbitration Issue Has No Bearing on the

7  Validity of the Forum Selection Clause

8          The validity and enforceability of the forum selection clause is an issue

9  separate and distinct from whether Zaitzeff is obligated to arbitrate his claims against

10 Defendants.  PFG did file a Statement of Claim against Zaitzeff in NFA arbitration.

11 That Statement of Claim seeks reimbursement for a deficit in one of Zaitzeff's

12 customer's accounts and other damages, a ruling that Zaitzeff was an independent

13 contractor and not an employee of PFG and a ruling that he was not entitled to any

14 offsets against the amount he owes PFG based upon the alleged violations of federal

15 and state law that are contained in his instant Complaint.

16         Since filing the instant motion, PFG has learned the NFA will not compel

17 Zaitzeff to arbitrate PFG's declaratory judgment claims.  While Zaitzeff is required to

18 arbitrate PFG's claim against him for reimbursement for the account deficit, that issue

19 is not presently before this Court.

20

21 DATED:  June 13, 2008      **JONES, BELL, ABBOTT, FLEMING & FITZGERALD L.L.P**.
   Michael J. Abbott

22

23                      By:_____/s/  Michael J. Abbott_____

24                           Michael J. Abbott
   Attorneys for Defendants Peregrine Financial Group, Inc.,

25                      and Joseph Peter Slaga

26

27

28

DEFENDANTS' REPLY MEMO. IN FURTHER SUPPORT OF THEIR MOT. TO DISMISS COMPLAINT FOR
IMPROPER VENUE OR FOR TRANSFER OF VENUE + PET. TO COMPEL ARBITRATION

1

2

## REPLY DECLARATION OF REBECCA J. WING

3

4

5        I, Rebecca J. Wing, hereby declare:

6

7        1.      I have personal knowledge of the facts set forth herein and would

and could testify competently thereto if sworn as a witness.

8        2.      I am the General Counsel of Peregrine Financial Group, Inc.

9    ("PFG"), whose principal place of business is located in Chicago, Illinois. PFG is a

10   registered Futures Commission Merchant and Member of the National Futures

11   Association.

12

13       3.      Defendant Joseph Peter Slaga is an employee of PFG and is the

14   branch manager of its Camarillo, California office.

15

16       4.      From March 20, 2006 through his resignation on March 2, 2008,

17   David Zaitzeff was an Associated Person of PFG and was registered with the NFA as

18   an Associate.  Within the futures industry, such Associates are referred to colloquially

19   as "Associate Members."

20

21       5.      The Associated Person Agreement between PFG and Zaitzeff was

22   not presented to Zaitzeff on a take-it-or-leave-it basis.  The Agreement states at

23   Exhibit "A" that Zaitzeff was given an opportunity to become a PFG employee but

24   declined and chose to be retained by PFG as an independent contractor instead.

25

26       6.      As General Counsel I review every employment or independent

27   contractor agreement entered into by PFG.  It is a common occurrence for some

28   Associated Persons of PFG to decline PFG's offer of employment and choose to be

DEFENDANTS' REPLY MEMO. IN FURTHER SUPPORT OF THEIR MOT. TO DISMISS COMPLAINT FOR
IMPROPER VENUE OR FOR TRANSFER OF VENUE + PET. TO COMPEL ARBITRATION

1 │ retained as independent contractors instead.  Associated Persons affiliated with

2 │ brokerage firms often choose to operate their activities as a separate business in order

3 │ to take advantage of above-the-line income tax deductions that would not be available

4 │ to them if they were employees of the firms.

5

6 │         7.      Currently affiliated with PFG's Camarillo, California office are five

7 │ Associated Persons, two of whom accepted PFG's offer to become employees of PFG

8 │ and three of whom declined that offer, choosing to be retained as independent

9 │ contractors instead.

10

11 │        I declare under penalty of perjury, under the laws of the State of

12 │ California, that the foregoing is true and correct.

13

14 │ Dated: June 12, 2008

15 │                                              Rebecca J. Wing

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' REPLY MEMO. IN FURTHER SUPPORT OF THEIR MOT. TO DISMISS COMPLAINT FOR
IMPROPER VENUE OR FOR TRANSFER OF VENUE + PET. TO COMPEL ARBITRATION

## REPLY DECLARATION OF JOSEPH PETER SLAGA

I, Joseph Peter Slaga, hereby declare:

1.    I have personal knowledge of the facts set forth herein and would and could testify competently thereto if sworn as a witness.

2.    I am an employee of Peregrine Financial Group, Inc. ("PFG") and the branch manager of its Camarillo, California office.

3.    From March 20, 2006 through his resignation on March 2, 2008, David Zaitzeff was an Associated Person of PFG and was registered with the NFA as an Associate.  During that time period, Zaitzeff worked as an independent contractor of PFG and not as an employee.

4.    On or about March 20, 2006, I offered Zaitzeff employment with PFG.  Zaitzeff declined employment with PFG and elected instead to work as an independent contractor.  Therefore, I offered Zaitzeff for his consideration and review an Associated Person Agreement which stated on Exhibit "A" that he had been offered employment by PFG but declined to be employed by PFG, choosing to be retained instead as an independent contractor.

5.    I did not present the Associated Person Agreement to Zaitzeff on a take-it-or-leave-it basis.  In addition to Zaitzeff's choice to be retained as an independent contractor, Zaitzeff also identified customers who were to be carved out of the covenant not to compete that would apply following the termination of his agreement.  Zaitzeff reviewed and initialed the bottom of each page, signed the Agreement, signed again at the bottom of Exhibits "A" and "B" and wrote in his own

- 9 -

1  hand the names of customers to be carved out of his covenant not to compete on

2  Exhibit "B." Zaitzeff never asked to change any of the Agreement's terms prior to

3  executing the Agreement.

4

5  I declare under penalty of perjury, under the laws of the State of

6  California, that the foregoing is true and correct.

7

8  Dated: June 12, 2008

9  Joseph Peter Slaga

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' REPLY MEMO. IN FURTHER SUPPORT OF THEIR MOT. TO DISMISS COMPLAINT FOR
IMPROPER VENUE OR FOR TRANSFER OF VENUE + PET. TO COMPEL ARBITRATION