# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 4053 | DATE | 1/20/2012 |
| CASE TITLE | Zaitzeff vs. Peregrine Financial Group, Inc., Joseph Peter Slaga, et al. | | |

## DOCKET ENTRY TEXT

Defendants' motions *in limine* [139] [148] are denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Before the court are two motions *in limine* by Defendants Peregrine Financial Group, Inc., Joseph Peter Slaga, et al. (collectively "Defendants"). For the following reasons, the motions are denied.
    In the first motion, Defendants seek to bar admission of federal regulations governing trading pursuant to the Commodity Exchange Act as enforced by the Commodities Futures Trading Commission and the self-regulatory National Futures Association. Defendants argue the regulations cannot show "control" by Defendants over Plaintiff David Zaitzeff because, as a general matter, both Defendants and Plaintiff have individual responsibilities to comply with the federal commodities trading regulations. This argument is unavailing. Mere compliance does not necessarily exhaust the scope of the relevance of the regulations. Moreover, Defendants fail to specify any particular regulation to which they object. To this extent, Defendants' motion is moot. The regulations are admissible, though the parties shall alert the court when the proceedings approach the point when such materials may be introduced. The motion is denied.
    In the second motion, Defendants seek to bar admission of an Internal Revenue Service ("IRS") "determination letter" stating Plaintiff is, for tax purposes, an employee of Peregrine Financial Group, Inc. Defendants advance an argument under Federal Rule of Evidence 403. Defendants contend the IRS determination is not entitled to preclusive effect. Of course, whether one is an employee or an independent contractor depends on many factors. See Doe v. Brouillette, 906 N.E.2d 105, 116 (Ill. App. Ct. 2009); Estate of Suskovich v. Anthem Health Plans of Virginia, Inc., 553 F.3d 559, 565-70 (7th Cir. 2009); Sec'y of Labor, U.S. Dept. of Labor v. Lauritzen, 835 F.2d 1529, 1534 (7th Cir. 1987); Harper v. Wilson, 302 F. Supp. 2d 873, 878 (N.D. Ill. 2004). While the IRS determination may be a factor in that analysis, it would not thereby control the outcome of that anaylsis. Defendants also argue that in finding Plaintiff to be an employee, the IRS got it wrong. But this goes to weight and not admissibility. Defendants contend that because Defendants will seek to flesh out the IRS determination process, there will be confusion of issues and the jury will be misled. This is unavailing and Defendants' Rule 403 argument is rejected.
    The court notes that the Defendants do not argue the eight-page document is hearsay. Public records

## STATEMENT

are a hearsay exception under Federal Rule of Evidence 803(8) if they set out "factual findings from a legally authorized investigation" and "neither the source of the information nor other circumstances indicate a lack of trustworthiness." The court finds that the IRS determination letter is presumed admissible, but the court is cognizant of concerns surrounding so-called "evaluative reports," such as, for example, police reports. See Fed. R. Evid. 803 advisory committee's note. The advisory committee's note lists four factors "of assistance in passing upon the admissibility of evaluative reports," including "(1) the timeliness of the investigation," "(2) the special skill or experience of the official," "(3) whether a hearing was held and the level at which conducted," and "(4) possible motivation problems." Id. After reviewing the IRS determination letter in light of these factors, the court is aware of no reason why the public record exception under Rule 803(8) should not apply. The motion is denied. As always, the ultimate fine-tuning of evidentiary matters is reserved for trial where the proceeding's evidentiary progression may give rise to new insight and fresh concerns.

    IT IS SO ORDERED.